FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 2 0 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREENWICH INSURANCE COMPANY,

      Plaintiff,

v.

LECSTAR CORPORATION, JOHN C.
CANOUSE, W. DALE SMITH, W.
CHAD SMITH, MICHAEL E. BRITT,
JR., FIRST EMPIRE CORPORATION,
and ALAN B. THOMAS, JR.,

      Defendants.

CIVIL ACTION

NO. 1:05-CV-3275-RLV

## O R D E R

This action for declaratory judgment regarding the rights and obligations under a directors and officers professional liability insurance policy is before the court upon the plaintiff's motion for judgment on the pleadings [Doc. No. 29].[1]

## I. FACTUAL BACKGROUND

The plaintiff issued to LecStar Corporation a Management Liability and Company Reimbursement Policy, No. ELU-82176-02, for a claims-made period of January 25, 2002, to January 25, 2003; the policy was later amended to expire on December 6, 2004. The policy language at issue in this suit is the Insured versus Insured

---

[1] Attached to the motion were several exhibits; however, these exhibits consistently primarily of copies of cases, pleadings in other cases, or public documents that the court would be able to take judicial notice of. Any document that would have required the court to convert the motion to a motion for summary judgment was not considered by the court.

Exclusion ("the IvI Exclusion"), found at Paragraph III(G), as amended by Endorsement No. 3, which provides:

> The Insurer shall not be liable to make any payment for Loss in connection with any Claim made against an Insured Person, or with respect to INSURING AGREEMENT (C), the **Company**:
>
> . . . .
>
> (G) by, on behalf of, or in the name or right of, the Company or any Insured Person, except and to the extent such Claim:
>
> (1) is brought derivatively by a security holder of the Company who, when such Claim is made and maintained is acting independently of, and without the active solicitation, assistance, participation or intervention of an Insured Person or the Company;
>
> (2) any Claim in the form of a crossclaim, third party claim or other claim for contribution or indemnity by any Insured Person which is part of or results directly from a Claim which is not otherwise excluded by the terms of this Policy;
>
> (3) is an Employment Practices Claim.

Paragraph II(J) defines "Insured Person" to include:

> (1) any past, present or future director or officer, or member of the Board of Managers, of the **Company** and those persons serving in a functionally equivalent role for the **Parent Company** or any **Subsidiary** operating or incorporated outside the United States;
>
> (2) any past, present or future employee of the **Company** to the extent any Claim is a Securities Claim.

Paragraph II(C) defines "Claim" to include "any civil proceeding in a court of law or equity, or arbitration." Finally, Paragraph II(Q) defines "Securities Claim" to include

> - any actual or alleged act, error, omission, misstatement, misleading statement or breach of duty arising from or in connection with the purchase or sale of, or offer to purchase or sell any securities offered by the Company, whether such purchase, sale or offer involves a

2

> transaction with the Company or occurs in the open market.

In July 2004, Alan B. Thomas, Jr., and First Empire Corporation filed a derivative action complaint, styled First Empire Corp. v. Canouse, Civil Action No. 2004CV88793, in the Superior Court of Fulton County, Georgia. The original complaint sought damages from, inter alia, certain former LecStar directors and officers who are named as defendants in this declaratory judgment action. Thomas and First Empire have since amended their complaint twice; in the operative, Third Amended Complaint, W. Chad Smith and Michael E. Britt, Jr., are no longer defendants, but John C. Canouse and W. Dale Smith remain as defendants.

In the Third Amended Complaint, Thomas and First Empire assert claims derivatively on behalf of LecStar, which is named as a nominal defendant, and directly as LecStar shareholders. The complaint alleges that through a series of transactions all of the stock of LecStar's wholly-owned subsidiaries, LecStar Telecom, Inc., and LecStar DataNet, was improperly used as payment to satisfy $769,000 in debt owed by LecStar. Claims for breach of fiduciary duty, fraudulent conveyance, civil conspiracy, and constructive trust are asserted against Dale Smith and John Canouse.

Thomas was the Vice President of Regulatory Affairs and Governmental Relations at LecStar.[2] In the state court action, Thomas describes himself as a "former executive of LecStar." Third Amended Complaint at ¶ 2. In their answer to the original state court complaint, Canouse, Britt, Dale Smith, and Chad Smith admitted that Thomas was a former LecStar executive. Answer to Complaint at ¶ 2. In the instant action, Thomas and First Empire have both admitted that Thomas is a former executive of LecStar; the other defendants have answered that they are without knowledge or information sufficient to form a belief as to whether Thomas is a former executive of LecStar.

## II. LEGAL DISCUSSION

In this diversity case, this court must, of course, apply Georgia law. *See* Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 (1938). "Insurance is a matter of contract and rules governing construction of contracts are applicable to insurance contracts." Nationwide Mutual Ins. Co. v. Ware, 140 Ga. App. 660, 665 (1976). The construction of an insurance contract, including the determination and resolution of ambiguities, is a question of law

---

[2] *See* Form 10-K, filed with the Securities and Exchange Commission on July 3, 2001. In that filing, LecStar stated that it had seven executive officers and four directors (p. 31) and later named the CEO (William S. Woulfin), President (W. Dale Smith), and four Vice-presidents (Lawrence Shatsoff, Alan B. Thomas, Jr., James Malcom, and Donald G. Santavicca) (pp. 39, 42). (The seventh executive officer is not named.)

4

for the court. O.C.G.A. § 13-2-1; *see generally* Board of Regents v. A. B. & E., Inc., 182 Ga. App. 671 (1987). "Although [insurance] contracts are construed against the insurer if the provisions are susceptible to more than one interpretation," Sapp v. State Farm Fire & Casualty Co., 226 Ga. App. 200, 201 (1997), "if the language is unambiguous and but one reasonable construction is possible, the court will enforce the contract as written." Auto-Owners Insurance Co. v. Barnes, 188 Ga. App. 439, 441 (1988). "[A] policy provision is not ambiguous even though presenting a question of construction unless and until an application of the pertinent rules of construction leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties. *Id.*

In interpreting the language of the insurance policy at issue in the case sub judice, the court is especially guided by the following language used by the Supreme Court of Georgia in Continental Casualty Co. v. H.S.I. Financial Services, Inc., 266 Ga. 260, 262 (1996) (footnotes omitted):

> Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others. As is the case with all contracts, unambiguous terms of an insurance policy require no construction, and the plain meaning of such terms must be given full effect, regardless of whether they might be beneficial to the insurer or detrimental to the insured.

Although it appears that the state court action would meet the policy definition of a "securities claim" and that the IvI exclusion would bar coverage (since Thomas was undoubtedly an employee of LecStar), this court bases its ruling on the fact that Thomas was an officer of LecStar. Although the state court defendants suggest that Thomas's title of Vice President of Regulatory Affairs and Governmental Relations may simply have been a puffing title, they have presented no evidence that such was the case. Applying Georgia law, which requires that unambiguous words be given their plain meaning, this court holds that a corporate vice president (especially one so identified in filings with the Securities and Exchange Commission) meets the definition of "officer" as found in the policy. Since Thomas was an officer of LecStar, and thus is an "insured person" within the meaning of the policy the IvI exclusion, that exclusion applies.

The state court defendants' argument that the exclusion does not apply because Thomas is not the only plaintiff in the state court action is also without merit. Again, the policy defines "claim" to include "any civil proceeding in a court of law or equity, or arbitration." Thus, the court does not look to any particular count in a lawsuit (and which particular plaintiff asserts that count) to determine if it is a "claim" covered by the exclusion. Instead, the court looks to the "civil proceeding" itself, and if an "insured person" sues another insured person in

that proceeding, the exclusion applies. That is the case with respect to the state court action. The fact that another entity is also a plaintiff does not defeat the policy exclusion.

Finally, Thomas and First Empire ask the court to follow Township of Center v. First Mercury Syndicate, Inc., 117 F.3d 115 (3d Cir. 1997), which refused to apply an IvI exclusion because that suit was brought by a former officer (like Thomas) and there was no evidence of collusion between the parties. However, this court is bound by Sphinx International, Inc. v. National Union Fire Insurance Co. of Pittsburgh, PA, 412 F.3d 12224 (11th Cir. 2005). *Sphinx International,* applying Florida law, specifically refused to follow *Township of Center*, because Florida law required that "insurance contracts must be construed in accordance with the plain language of the policy." 412 F.3d at 1227. "We agree with the district court that the exclusion's rationale does not trump its text. To be sure, there is a genuine split of authority, Some courts look behind an exclusion's text to its rationale. Others, however, focus exclusively on its plain text. But while there is a conflict, it's fought outside Florida." *Id.* (citations omitted). It is also fought outside Georgia, which, like Florida, requires that the plain text of a policy provision should be given effect.

Because the IvI exclusion applies, the plaintiff's motion for judgment on the pleadings [Doc. No. 29] is GRANTED. The clerk will enter judgment declaring that the plaintiff has no duty or

obligation under Management Liability and Company Reimbursement Policy, No. ELU-82176-02 to provide a defense in the case of First Empire Corp. v. Canouse, Civil Action No. 2004CV88793, pending in the Superior Court of Fulton County, Georgia.

The motion of nonparty Arnall Golden Gregory, LLP, to quash subpoena for production of documents [Doc. No. 42] is DISMISSED as moot.

SO ORDERED, this 20th day of July, 2006.

_____
ROBERT L. VINING, JR.
Senior United States District Judge